UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARMEN BRISENO,

        Plaintiff,

        v.

MICHAEL ASTRUE, Commissioner of Social Security,

        Defendant.

CASE NO. C08-5587JKA

ORDER

This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff brings this action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision. This matter has been fully briefed.

Plaintiff applied for social security benefits on November 23, 2004, alleging she has been disabled, unable to do any work, since December 31, 1983. Tr. 56. Plaintiff alleges she is unable to work due to depression, anxiety panic attacks, a fractured rib, and an ankle/foot fracture. Tr. 65, 132.

An administrative hearing was conducted, and on November 23, 2004, an administrative law judge ("ALJ") denied Plaintiff's application for benefits. The ALJ found Plaintiff's abuse of

ORDER - 1

drugs and alcohol were material to her claim of disability, and if Plaintiff stopped the substance use she would not be disabled. Tr. 18-27. The ALJ explained that Plaintiff would be limited by anxiety and depression, but that she would nevertheless retain the ability to work as a janitor or cleaner/housekeeper. Tr. 25-27.

Plaintiff challenges the denial of her application for social security benefits, raising the following issues:

(i) the ALJ erroneously determined that Plaintiff did not have a severe physical impairment;

(ii) the ALJ did not follow correct legal standards in assessing Plaintiff's credibility;

(iii) the ALJ failed to properly consider Plaintiff residual functional capacity; and

(iv) the ALJ did not fairly assess the lay witness statements.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

After reviewing the record, the court finds no error in the ALJ's decision and therefore, the administrative decision should be affirmed. The court finds and orders as follows:

(1) Plaintiff argues the ALJ failed to properly consider Plaintiff's physical impairments. Specifically, Plaintiff argues the ALJ should have found that her bone spur on her foot caused significant limitations and thus, the ALJ should have found a "severe" physical impairment.

Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85-28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988)(*adopting SSR 85-28*).

The undersigned has reviewed the record and finds no error in the Plaintiff's step-two evaluation of Plaintiff's physical impairments. Plaintiff argues the ALJ failed to take into account Plaintiff's testimony at the hearing, stating she still experienced right foot pain and could only stand for a half hour due to right foot pain. As discussed below, the ALJ did not find Plaintiff's allegations credible. Moreover, the medical records properly support the ALJ's evaluation and finding of non- severity. First, records show Plaintiff's foot fracture, bone spur,

was minimal and resolved with treatment. Tr. 306-07, 527-29, 530-55.  The ALJ reasonably interpreted this evidence, concluding that Plaintiff did not suffer from any severe physical limitations.

(2) Credibility determinations are particularly within the province of the ALJ. Andrews, 53 F.3d at 1043.  Nevertheless, when an ALJ discredits a claimant's subjective symptom testimony, the ALJ must articulate specific and adequate reasons for doing so. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir.2006).  The determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; Smolen, 80 F.3d at 1281.  First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); Smolen, 80 F.3d at 1281-82.  Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence.  Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir.1991) (*en banc*).  An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989).  When evaluating a claimant's credibility, however, the ALJ "must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints." Greger, 464 F.3d at 972 (*internal quotation omitted*). General findings are insufficient. Smolen, 80 F.3d at 1284; Reddick, 157 F.3d at 722.

Absent affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. Smolen, 80 F.3d at 1284; Reddick, 157 F.3d at 722.  However, if an ALJ finds evidence of malingering, claimants testimony may be rejected using " 'ordinary techniques of credibility evaluation,' " and the

ALJ's own observations at the hearing. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir.2001) (*quoting* Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991)). Ordinary techniques of credibility evaluation include, the claimant's reputation for truthfulness, inconsistencies in testimony and conduct, daily activities, work record, and the testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. Smolen, 80 F.3d at 1284.

In this case, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce some symptoms, but the claimant's statements concerning the intensity, persistence and limiting effects of those symptoms are not entirely credible." Tr. 21. Plaintiff argues "the weight of the medical record supports her position that when she was fully compliant with treatment and was not abusing substances her symptoms due to depression, anxiety, and PTSD, still affected her day to day functioning." Plaintiff's Opening Brief at 18.

The ALJ properly discredited Plaintiff's statements and allegations regarding the extent and degree of her alleged limitations, and substantial evidence in the record, relied upon by the ALJ, supports the ALJ's evaluation of Plaintiff's credibility. For example, in the context of Plaintiff's claims of disabling limitations, the ALJ summarized and evaluated the medical evidence. Tr. 21-25. Most significantly, the ALJ found Plaintiff's past medical records filled with problems directly related to her abuse of drugs and alcohol. On the three occasions (during 2004) Kitsap Mental Health Services (KMHS) noted Plaintiff alleged significant mental disturbances: on one occasion she tested positive for opiates and marijuana, on another alcohol was at issue, and on the other time she was not tested for drugs or alcohol use. Tr. 244, 253, 263, 266. In May 2005, Plaintiff tested positive for alcohol; in October 2005, she was seen in the emergency room and she had an elevated blood alcohol level. Tr. 213-17. The ALJ wrote,

"Ongoing treatment notes from Harrison Hospital show occasional visits for anxiety episodes, usually linked to medication overdosing, but with fairly intact mental status (exhibit 7F:40, 50, 64, 68-80, 93). On March 14, 2005 she was brought in when found walking the streets while intoxicated; she was admitted for a drug overdose and combative behavior in the ER (exhibit 7F:80)." Tr. 22.

In sum, the ALJ properly reviewed the record as a whole, including the medical evidence that showed a significant problem of drug and alcohol abuse during the alleged disability period. The record supports the ALJ's finding that Plaintiff's credibility is limited based on the medical records and Plaintiff's abuse of drugs and alcohol.

(3) "[R]esidual functional capacity" (RFC) is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c) (emphasis added). In evaluating whether a claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis." 20 C.F.R. § 404.1512(a). The regulations further specify: "When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis." Id. at § 404.1545(b). If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. 20 CFR §§ 404.1527, 416.927.

Here, the ALJ found, "If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she should avoid exposure to heights and other hazards; she can perform simple, repetitive tasks in a non-public environment, and should have limited

supervision and contact with co-workers. She can work on her own, away from traffic and distractions." Tr. 25.

Plaintiff argues the ALJ failed to base his RFC on all of the relevant evidence in the case record, which would include Dr. Neims' and Dr. Brown's opinions regarding the severity of Plaintiff's mental impairments and how it would impact her functioning in a work setting. Plaintiff further argues the ALJ failed to discuss the weight he gave to the opinions of Dr. Neims or Dr. Brown and did not give specific and legitimate reasons for ignoring the opinion of Dr. Baer. Plaintiff's Opening Brief at 22.

The undersigned has reviewed the ALJ's RFC, along with the ALJ's analysis of the medical evidence and finds no error. The court first notes the ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). The ALJ may not, however, substitute his or her own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).

The medical evidence in this matter is not entirely consistent and more significantly, it is overwhelmingly focused on medical issues based on Plaintiff's abuse of drugs and alcohol. After reviewing the record, the court finds the ALJ's RFC is properly supported by the medical record. As noted above, the ALJ reviewed the medical evidence along with assessing Plaintiff's credibility. The ALJ noted and summarized the opinions of Dr. Neims, Dr. Baer, Dr. Brown, and Dr. Lewy, in addition to the medical records from Harrison Hospital and Kitsap Mental Health Services. Tr. 21-25. After weighing the evidence, the ALJ adopted the opinion of Dr.

Lewy, the medical expert asked by the administration to assist in determining whether or not Plaintiff should be considered disabled. Tr. 24. The ALJ found, "Dr. Lewy testified that the claimant had depression, anxiety, PTSD, and panic, with substance abuse. His assessment of moderate limitations is accurate with respect to the claimant's functioning when she stopped her substance abuse shortly after the beginning of the relevant time period." Tr. 24.

The ALJ properly evaluated the medical opinions of record and relied primarily on the opinion of Dr. Lewy to support his assessment of Plaintiff's RFC, stated above.

(4) Questions of credibility are solely within the control of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. Allen v. Heckler, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. Id. at 579. The ALJ must cite reasons germane to the witness in order to properly discredit lay witness testimony. Schneider v. Commissioner, 223 F.3d 968, 976 (9th Cir. 2003).

Plaintiff argues the ALJ in this matter failed to properly reject the lay witness evidence. Specifically, Plaintiff asserts the lay witness statements were provided in September 2007 "when there is not any indication whatsoever in the record that Ms. Briseno was using alcohol or drugs", so it was disingenuous for the ALJ to discount the opinions because that they are describing periods of time when she is using drugs and alcohol.

Plaintiff's argument is unpersuasive and taken out of context. The ALJ rejected the statements because they were inconsistent with the medical evidence. Tr. 26. The ALJ also stated, "[The lay witness reports] are fairly accurate in describing the claimant's behaviors when she is abusing drugs and alcohol, but they are not corroborated by medical evaluation when the

claimant is abstinent (exhibits 7F; 10F; 21F)." Tr. 26.  As discussed above, the ALJ properly evaluated the medical evidence to determine Plaintiff's RFC.  The ALJ properly rejected the lay witness statements that did not comport with the medical evidence.

(5) Accordingly, the Court AFFIRMS the Social Security Administration's denial of Plaintiff's application for social security benefits.

DATED this 18th day of August, 2009.

*J. Kelley Arnold*  _
J. Kelley Arnold
U.S. Magistrate Judge

ORDER - 9